# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **SANDINO BRITO DIAZ and MARIA BRITO,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 3:21-cv-0036 |
| ) | |
| **JUNGERHANS MARITIME SERVICES** ) | |
| **GmbH & CO. KG and/or a/k/a** ) | |
| **JUNGERHANS REEDEREI, MARLOW** ) | |
| **NAVIGATION COMPANY LIMITED,** ) | |
| **and MARCREW SCHIFFAHRTS GmbH,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Dismiss Count IV of the Third Amended Complaint for Failure to State a Cause of Action. (ECF No. 73.) Plaintiffs opposed the motion. (ECF No. 77.) Defendants filed a reply. (ECF No. 84.) For the reasons that follow, the Court will deny the motion.

### I. BACKGROUND

Plaintiff Sandino Brito Diaz ("Diaz") alleges that, on May 10, 2020, he suffered serious injuries when a heavy metal bar was dropped from the deck of the Deneb J container vessel onto his head and shoulder. Plaintiffs allege that the container vessel was docked at Crown Bay Marina, St. Thomas, and that he was he was working as a longshore/harbor worker for his employer, Crowley Caribbean Services. Diaz was a crane operator and was standing on the dock coordinating daily work with his co-worker when the metal bar landed on him, causing him to collapse. Diaz alleges that the metal bar used to secure containers of the type that the Deneb J was transporting was negligently dropped by a crew member or someone under control of Defendants. Diaz asserts claims pursuant to 33 U.S.C. § 905(b) and his spouse, Maria Brito ("Brito"), asserts a claim for loss of consortium. Plaintiffs invoke

*Diaz v. Jungerhans Maritime Srvs. GmbH & Co. KG*
Case No. 3:21-cv-0036
Order
Page **2** of **4**

jurisdiction under 28 U.S.C. § 1333 and, alternatively, diversity jurisdiction under 28 U.S.C. § 1332.

Defendants filed a motion to dismiss contending that loss of consortium is not a viable claim under maritime law.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must allege sufficient factual matter to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Longshore and Harbor Workers' Compensation Act ("LHWCA") provides that "[i]n the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title." 33 U.S.C. § 905 (b).

## III. DISCUSSION

Defendants argue that loss of consortium is not a cognizable cause of action under maritime law, which governs this action, relying primarily on *Mala v. Marine Serv. Mgmt.*, No. 2006-120, 2009 WL 2170071 (D.V.I. July 20, 2009). Plaintiffs do not dispute that maritime law governs this action but argue that recent caselaw indicates that the issue of whether loss of consortium is cognizable under maritime law is not settled in this jurisdiction, and numerous courts have permitted loss of consortium damages under maritime law, including *Dadgostar v. St. Croix Financial Center, Inc.*, No. 1:10-cv-00028, WL 4383424, at *1 (D.V.I. Sept. 20, 2011). In reply, Defendants contend that allowing a loss of consortium claim would place the families of longshoremen in a better position than those of seaman whose damages are expressly limited, which would be contrary to the principle of uniformity in maritime law.

Case: 3:21-cv-00036-RAM-RM Document #: 139 Filed: 08/22/23 Page 3 of 4

*Diaz v. Jungerhans Maritime Srvs. GmbH & Co. KG*
Case No. 3:21-cv-0036
Order
Page **3** of **4**

In *Mala*, plaintiff was injured when a fuel that was spilled into the hull of his boat due to a malfunctioning pump in Crown Bay Marina ignited after he left the marina and burned the boat and plaintiff. Plaintiff asserted negligent training and maintenance of a gas pump claims, and his spouse asserted a loss of consortium claim. *Mala*, 2009 WL 2170071, at *1. The court found that general maritime law does not allow damages for loss of consortium, citing cases involving seamen or relying on the Jones Act, namely, "*Horsley v. Mobil Oil Corp.,* 15 F.3d 200, 203 (1st Cir.1994) (declining to allow damages for loss of society under general maritime law); *Smith v. Trinidad Corp.,* 992 F.2d 996, 996 (9th Cir.1993) (holding wives of injured mariners cannot recover for loss of consortium under general admiralty law); *Lollie v. Brown Marine Serv., Inc.,* 995 F.2d 1565, 1565 (11th Cir.1993)(per curium) ('we hold that neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases'); *Murray v. Anthony J. Bertucci Constr. Co.,* 958 F.2d 127, 132 (5th Cir.1992), *cert. denied,* 506 U.S. 865 (1992) (holding 'that the spouse of an injured seaman has no cause of action for loss of society under the general maritime law')" and "*Collazo v. Owens–Corning Fiberglas Corp.,* Civ. No. 94–1754, 1995 U.S. Dist. LEXIS 1796, at *5 (E.D.Pa. Feb. 10, 1995) (noting that 'loss of consortium is not compensable in admiralty'); *Ruberto v. Maritrans Operating Partners, L.P.,* Civ. No. 91–7654, 1993 U.S. Dist. LEXIS 11612, at *7–8 (E.D.Pa. Aug. 20, 1993) (holding there can be no recovery for loss of consortium in a physical injury case brought under general maritime law)." *Mala*, 2009 WL 2170071, at *2-3.

In *Dadgostar*, plaintiff was injured when he was struck by a fishing boat while swimming in the Green Cay Channel in St. Croix. Plaintiff alleged negligent failure to warn claim, and his spouse asserted a loss of consortium claim. *Dadgostar*, 2011 WL 4383424, at *1. The Court in *Dadgostar* found that "whether the loss of consortium claim is barred by maritime law is not a settled question and may depend on facts not addressed in" the complaint. *Id*. at 5.

This action involves injuries to the longshoreman, not a seaman, incurred while working on the dock of the marina when a heavy metal bar was dropped on him from the vessel docked at the marina. The issue of whether the loss of consortium claim by a spouse

*Diaz v. Jungerhans Maritime Srvs. GmbH & Co. KG*
Case No. 3:21-cv-0036
Order
Page **4** of **4**

of an injured longshoreman is barred by maritime law is still not settled. The Court is mindful of the holding in *Alvez* that "general maritime law authorizes the wife of a harbor worker injured *nonfatally* aboard a vessel in state territorial waters to maintain an action for damages for the loss of her husband's society" *Alvez*, 446 U.S. 274, 276, and the Supreme Court's concerns about inconsistencies between wrongful death and personal injury actions resulting from unbalanced development of maritime law. *See Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 816 (2001) (pointing out the "anomaly occasioned by providing a federal remedy for injury but not death"); *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 395 (1970) (noting that the same violation of federal law "produces liability if the victim is merely injured, but frequently not if he is killed" and stating that "such a distinction is not compatible with the general policies of federal maritime law."); *see also Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622, 643–44 (3d Cir. 1994), aff'd, 516 U.S. 199, 116 S. Ct. 619, 133 L. Ed. 2d 578 (1996) ("Even within maritime law, differing recoveries based on status occur all of the time.") Convinced by the reasoning in *Dadgostar* and in the absence of binding legal authority on the issue, the Court finds that dismissing the spouse's loss of consortium claim at this stage of the proceedings and in the circumstance of this case is not warranted. *See Morgan v. Almars Outboards, Inc.*, 316 F. Supp. 3d 828, 841–42 (D. Del. 2018) (claims for "loss of consortium have historically been available and awarded in maritime actions"); *Moore v. M/V ANGELA*, 353 F.3d 376, 383 (5th Cir. 2003)(the surviving spouse of longshoreman's "loss of consortium award is permissible in this § 905(b) case"); *Petition of Cleveland Tankers, Inc.*, 843 F. Supp. 1157, 1159 (E.D. Mich. 1994) ("[T]his Court believes that loss of consortium damages remain viable under general maritime law, except as specifically held otherwise by *Miles*."); *Koernschild v. W.H. Streit, Inc.*, 834 F. Supp. 711, 720 (D.N.J. 1993) ("[W]e do not read *Miles* as barring a longshoreman injured in territorial waters from asserting a loss of consortium claim."). Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss Count IV of the Third Amended Complaint for Failure to State a Cause of Action, ECF No. 73, is **DENIED**.

**Dated:** August 22, 2023                           */s/ Robert A. Molloy*
                                                     **ROBERT A. MOLLOY**
                                                     **Chief Judge**