## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| SANDINO BRITO DIAZ and MARIA BRITO, h/w, <br><br> Plaintiffs, <br><br> v. <br><br> JUNGERHANS MARITIME SERVICES GMBH & CO., KG and/or a/k/a JUNGERHANS REEDEREI, MARLOW NAVIGATION COMPANY LIMITED and MARCREW SCHIFFAHRTS GmbH <br><br> Defendants. | Case No.: 3:21-cv-00036 <br><br> ACTION FOR DAMAGES |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEENDANTS' EXPERTS FROM TRIAL DUE TO UNTIMELINESS**

*/s/ John P. Fischer*
John P. Fischer, Esq., V.I. Bar No. 1232
15B Norre Gade / P.O. Box 1197
Charlotte Amalie, VI 00804
Phone: (340) 715-5297
Fax: (888) 519-7138 / (305) 520-0323
John@frtriallawyers.com;
usviservice@frtriallawyers.com

S‌ALTZ M‌ONGELUZZI B‌ENDESKY P.C.
*/s/ Samuel B. Dordick*
Jeffrey P. Goodman, Esq.*
Samuel B. Dordick, Esq.*
Saltz Mongeluzzi & Bendesky P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-2970
Fax: (215) 496-0999
jgoodman@smbb.com
sdordick@smbb.com
**admitted pro hac vice*

Dated: November 10, 2023

Plaintiffs, Sandino Brito Diaz and Maria Brito, h/w, by and through their undersigned counsel, hereby file this Motion *in Limine* to Preclude Defendants' Experts From Trial Due to Untimeliness and supporting Memorandum of Law.

## I.     FACTUAL BACKGROUND

### A.    Facts Common to All Motions *in Limine*

On May 10, 2020, Plaintiff, Sandino Brito Diaz, suffered severe and permanent injuries when a heavy metal container lashing rod was dropped nearly 20 feet from the deck of the M/V *Deneb J* (hereinafter "the Vessel" or "*Deneb J*"), landing directly on his head and neck. There is no dispute that the lashing rod was dropped off the deck of the *Deneb J* by Yavheni Liashenko, an employee of Defendants.

The *Deneb J* had just arrived to the Crowley St. Thomas port and was being prepared for discharge of the shipping containers. At the time of the accident, Plaintiff was working as a dock worker and crane operator for Crowley Caribbean Services, at Crown Bay, Lot 170-3, in St. Thomas, and was standing on the dock reviewing the discharge plan with a co-worker. At the same time, Defendants' crew member, Mr. Liashenko, was attempting to unlash a shipping container when he mishandled the lashing rod and dropped it overboard. The lashing rod plummeted 20-plus feet down directly onto Plaintiff's head and neck. Defendants' witnesses, including the Captain of the *Deneb J* and the Bosun who was involved in the unlashing operations, admitted that proper procedure required that two personnel perform the unlashing operations so that one crewmember can focus on maintaining total control over the lashing rod at all times. *See* **Exhibit A**, Deposition of Jerico Villanueva at 31-33; **Exhibit B**, Deposition of Jethro De La Cruz at 42-44. This procedure was not followed at the time of the accident, and the least experienced

deckhand, Mr. Liashenko, was tasked with performing the operation himself, and dropped the lashing rod as a result.  **Ex. B**, Deposition of De La Cruz at 99-100.

As a result of this accident, Plaintiff suffered a severe neck including an incomplete spinal cord injury and fractures of his cervical spine that required a cervical decompression and permanent fusion of C3-C7.  Mr. Brito also suffered a traumatic brain injury resulting in post-concussion syndrome and associated debilitating symptoms that continue to plague him.  Plaintiff has been permanently disabled from working and has suffered a complete and permanent loss of earnings capacity.

      **B.**      **Facts Specific to This Motion *in Limine***

On June 14, 2023, this Court entered an Order setting forth the most recent and active case management deadlines.  *See* ECF 127.  Under the Court's June 14, 2023 Order, Plaintiffs were required to identify experts and produce expert reports and other required expert materials on or before July 15, 2023.  *Id.* at ¶ 3.  Defendants were required to identify experts and produce expert reports and other required expert materials on or before September 5, 2023.  *Id.* at ¶ 4.  The June 14, 2023 Order directed that the balance of the schedule set by the Court's March 21, 2023 Order (ECF 105) was to remain in place, which set October 2, 2023 as the deadline to complete all discovery, including expert discovery.  ECF 127 at ¶ 5; ECF 105 at ¶ 5.  On July 12, 2023, the Parties filed a Joint Motion to Modify Scheduling Order which sought to extend the deadline *only* for the parties' respective expert economist reports by one week, or until July 22, 2023 for Plaintiffs' economist report and September 12, 2023 for Defendants' economist report.  ECF 133.  The Court granted the Parties Joint Motion.  ECF 135.

Plaintiffs fully complied with the Court's scheduling Orders and produced all expert reports in a timely fashion.  Defendants did not.  On September 5, 2023, Defendants served Expert

3

Disclosures, but no expert reports. *See* **Exhibit C**, Defendants' Sept. 5, 2023 Expert Disclosures. Defendants identified the following experts: (1) Dr. Maahir U. Haque, M.D.; (2) Nancy Fraser Michalski, RN, BSN; (3) James E. Whiddon, CPA; (4) Bonnie E. Levin, Ph.D.; (5) Drew Haines, P.E.; and (6) Charlene Canada. *Id.* Notably, Defendants' identification of their primary liability expert, Mr. Haines, stated that he "may be called upon to testify concerning the biomechanics of Plaintiff's alleged trip and fall incident" and "the reasonableness of walkway surfaces and pedestrian environments." *Id.* at p. 5. This is not a trip and fall accident.

Defendants' counsel had not requested a courtesy extension from Plaintiffs or otherwise advised Plaintiffs of any issue Defendants were having that prevented production of expert reports and compliance with the Court's scheduling Orders. Instead, on September 1, 2023, Defendants filed a Motion for Extension of Time, seeking to extend Defendants' expert report deadline until October 13, 2023 and all other deadlines by thirty (30) days. ECF 141. Defendants' justification for seeking an extension was that Defendants needed more time to conduct Compulsory Medical Examinations ("CMEs"). *Id.* at ¶¶ 2, 4. Defendants' Motion did not reference or explain why an extension was needed for Defendants' liability report(s). Plaintiffs opposed the Motion, explaining that Defendants offered no explanation or justification for the delay in seeking the CMEs. ECF 143 at 1. Defendants had been in possession of Plaintiffs' medical records for over a year and had Plaintiffs' expert damages reports since July 14, 2023 (July 21, 2023 for the economist report). *Id.* at 1-2. Yet, at the time Defendants filed their Motion for Extension and at the time of Plaintiffs' response in opposition thereto, Defendants had never requested that Plaintiff undergo any CMEs. *Id.* at 2. Plaintiffs asserted that there was no justification for Defendants' delay in seeking CMEs and that the deadlines should not be extended. *Id.* at 2.

4

The Court held a status conference on September 14, 2023. At that time, Defendants had not produced any expert reports and were in violation of the Court's scheduling Orders (ECF 105, 127), and Defendants still had not scheduled any CMEs. During the conference, the Court questioned defense counsel as to why Defendants' expert reports had not been produced. Defendants' counsel was unable to offer any kind of justifiable excuse or explanation. The Court denied Defendants' Motion for Extension (*see* ECF 149) and advised Defendants that they should produce their expert reports as quickly as possible as they were already late.

During the September 14, 2023 conference, the Court inquired as to the status of expert discovery, and Plaintiffs' counsel advised that Defendants had not made any requests to depose Plaintiffs' experts and Defendants' failure to produce reports had precluded Plaintiffs' ability to meaningfully depose Defendants' experts. Defendants' counsel advised, for the first time, that Defendants wanted to depose Plaintiffs' liability expert and life care planner. Recognizing the incredibly short notice this provided to Plaintiffs with the looming October 2, 2023 discovery deadline, the Court requested that Plaintiffs' counsel see what could be done about producing these witnesses within the next two weeks. Ultimately, through significant effort by Plaintiffs' counsel and Plaintiffs' experts, Plaintiffs were able to produce their liability expert and life care planner for depositions on such short notice.

Defendants did not produce their expert reports until October 2, 2023—nearly a month after they were due and on the discovery deadline. Notably, Defendants did not produce a report by their previously identified liability expert, Drew Haines, P.E., and instead produced a report authored by Andrew Bryan Stringer, P.E., a previously unidentified expert. Defendants also served amended Expert Disclosures. **Exhibit D**, Defs' Second Amended Expert Disclosures. Although Defendants identified Dr. Bonnie Levin in their expert disclosures, no report has been

5

produced to date for Dr. Levin. As a result of Defendants' late production of expert reports (and non-production of Dr. Levin's report), Plaintiffs were not able to depose Defendants' expert witnesses.

In addition to being late, some of Defendants' expert reports are non-compliant with the requirements of Rule 26(a)(2) in other ways. For example, the expert report of Dr. Haque is unsigned and has a large red "PRELIMINARY" water mark across the report. **Exhibit E**, Expert Report of Dr. Haque. Defendants' liability expert report by Mr. Stringer is also unsigned. **Exhibit F**, Expert Report of Mr. Stringer.

Plaintiffs now move this Court for an Order precluding Defendants' experts from testifying at trial as a result of Defendants' failure to adhere to the Court's scheduling Orders and the resulting prejudice inflicted on Plaintiffs.

### III.    ARGUMENT

Federal Rule of Civil Procedure 26(a)(2)(B) provides that, "[u]nless otherwise stipulated or ordered by the court, [expert witness] disclosure **must** be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case…." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Rule 26(a)(2)(D) is abundantly clear that, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The trial court is empowered to exclude a party's expert witnesses for failure to comply with relevant pretrial orders, including late production of the experts' reports. Further, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ.

P. 16(f)(1) ("On motion or on its own motion, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (C) fails to obey a scheduling or other pretrial order.").

"The trial court's exclusion of testimony because of the failure of counsel to adhere to a pretrial order will not be disturbed on appeal absent an abuse of discretion." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Sempber v. Santos*, 845 F.2d 1233, 1238 (3d Cir. 1988)). In determining whether there is substantia justification of a party's failure to adhere to the court's order(s), and thus whether to preclude the experts, the trial court should consider and weigh the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified;
> 
> (2) the ability of that party to cure the prejudice;
> 
> (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; and
> 
> (4) bad faith or willfulness in failing to comply with the district court's order.

*Id.* (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-905 (3d Cir. 1977).

"[T]he importance of the excluded testimony" should also be considered. *Id.* (quoting *Meyers*, 559 F.2d at 904). "However, when a party has acted in 'flagrant' disregard of a court order, a court is authorized to exclude even 'critical evidence.'" *Gautier-James v. Hovensa, L.L.C.*, 2011 WL 4500153, *5 (D.V.I. Sept. 27, 2011) (citing *Konstantopoulos*, 559 F.2d at 904). Importantly, because there is no debate that Defendants' expert reports were untimely, Defendants "bear[] the burden of demonstrating a substantial justification for [their] failure to abide by the Court's scheduling order." *Id.* (citing *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) ("[T]he burden is on the party facing the sanction…to demonstrate the failure to comply with Rule 26(a) is substantially justified or harmless.")).

Here, Defendants' expert witnesses should be excluded from trial because Defendants have flagrantly disregarded the Court's scheduling Orders, has failed to provide any good reason for the prolonged tardiness of the reports, and Plaintiffs have been unfairly prejudiced by these untimely reports. As a result of Plaintiffs' compliance with the Court's scheduling Orders, Defendants had a full and fair opportunity to depose Plaintiffs' experts (regardless of whether Defendants took advantage of this opportunity). The same cannot be said for Plaintiffs. As a result of Defendants' failure to produce expert reports until October 2, 2023—the day of the discovery deadline—Plaintiffs were not able to depose Defendants' expert witnesses, thereby placing Plaintiffs at a tremendous disadvantage and depriving Plaintiffs of discovery they are entitled to.

Defendants' violation of the Court's scheduling Orders was flagrant. Defendants were fully aware of their deadline for *months* and had ample opportunity to comply with it. Defendants did not request that Plaintiffs provide a courtesy extension, and instead filed a Motion for Extension that only asserted more time was needed in order to conduct CMEs and provided no explanation, justification, or excuse as to why CMEs were not requested earlier and likewise provided no explanation as to why an extension was needed for Defendants' liability reports. The Court questioned Defendants' counsel at the September 14, 2023 status conference as to whether there was any excuse or justification Defendants could offer as to why reports had not been produced, and after Defendants' counsel offered nothing resembling a justifiable explanation, the Court denied Defendants' Motion for Extension. *See* ECF 149. Even after that conference, Defendants did not produce expert reports for over two weeks.

When Defendants finally produced expert reports on the day of the discovery deadline, two of the reports failed to comply with the explicit requirements of Rule 26(a) in that Dr. Haque's and Mr. Stringer's reports are unsigned, and Dr. Haque's report has a large red "PRELIMINARY"

8

watermark across it.  **Ex. E**; **Ex. F**.  Defendants also have still not produced any report by Dr. Bonnie Levin despite identifying this expert in their disclosures.

Consideration of the factors established by the Third Circuit supports exclusion of Defendants' experts as a result of Defendants' flagrant disregard for this Court's scheduling Orders.  The first factor—prejudice or surprise of Plaintiffs—clearly supports exclusion.  Due to Defendants' flagrant tardiness and production of reports on the day of the discovery deadline (and nearly a month after the Court's deadline for Defendants to produce), Plaintiffs were not able to depose Defendants' experts or engage in sufficient expert discovery.  The fact that Defendants were able to depose Plaintiffs experts and did so, while Plaintiffs were not given that opportunity, compounds the prejudice.

The second factor and third factors—the ability of Defendants to cure the prejudice and the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case— also weigh in favor of exclusion.  Trial is scheduled for March, 2024 and Plaintiffs have no intention of delaying Plaintiffs' day in court.  Given that discovery was extended multiple times due to Defendants' repeated failures to produce a critical fact witness for deposition,[1] this Court should decline to reopen discovery to allow Defendants to rectify their mistakes by producing their experts with trial only a few months away.  Indeed, this Court has declined to do so in similar circumstances in the past.  *See Gautier-James*, 2011 WL 4500153 at *9 ("While the prejudice to Defendant could theoretically be mitigated by reopening discovery and allowing Defendant to depose these new witnesses and experts, the Court declines to do so…. At some point, discovery must end so that the parties can determine the total universe of facts and evidence relevant to the

---

[1] Concurrent with this Motion *in Limine*, Plaintiffs are filing a detailed Motion for Sanctions concerning Defendants' repeated and egregious violations of this Court's discovery Orders.  For the sake of brevity, Plaintiffs will not fully rehash the procedural history of Defendants' violations here, and instead incorporates the factual discussion from Plaintiffs' Motion for Sanctions the same as though fully set forth herein.

9

case in order to prepare for trial…. Accordingly, the Court will not reopen discovery and finds that exclusion of these experts and fact witnesses is warranted under Rule 37(c)(1).").

Finally, the fourth factor—the bad faith or willfulness in failing to comply with a court order or discovery obligation—also weighs in favor of exclusion. While Plaintiffs cannot point to any concrete evidence of bad faith with regard to Defendants' late expert report production, indicia bad faith exists and there is no question that Defendants' violation of the Court's scheduling Orders was willful. Indicia of bad faith exists because Defendants knew that their expert reports were late, and Defendants' counsel was extensively questioned by the Court concerning why Defendants had not produced reports and the Court even instructed Defendants to get them produced quickly, yet Defendants conveniently were able to produce *all* of their expert reports on October 2, 2023— the day of the discovery deadline—at 8:47 p.m. (except for the expert report of Dr. Bonnie Levin, which has still not been produced). *See* **Exhibit G**, Oct. 2, 2023 Email Correspondence. At an absolute minimum, Defendants' violation of the Court's scheduling Orders was willful and consistent with the pattern of disregarding the Court's discovery orders and rulings Defendants demonstrated throughout this case.[2]

Defendants "bear[] the burden of demonstrating a substantial justification for [their] failure to abide by the Court's scheduling order." *Gautier-James*, 2011 WL 4500153 at *5 (citing *Torres*, 548 F.3d at 1213 ("[T]he burden is on the party facing the sanction…to demonstrate the failure to comply with Rule 26(a) is substantially justified or harmless.")). Defendants' failures to comply with Rule 26(a) and this Court's scheduling Orders is neither substantially justified nor harmless. Indeed, as a result of the Court's questioning of Defendants' counsel during the September 14, 2023 status conference as to why expert reports had not yet been produced, no justifiable excuse

---

[2] *See* Plaintiffs' Motion for Sanctions filed concurrently herewith, the factual recitation of which Plaintiffs incorporate herein.

10

or explanation was provided and the Court denied Defendants' Motion for Extension. *See* ECF 149. Defendants have no justifiable excuse or explanation and the prejudice inflicted on Plaintiffs is significant. Indeed, Defendants still have not produced the expert report of Dr. Bonnie Levin and as to this expert's report, all of the arguments made above apply with even greater weight.

### III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an Order excluding Defendants' experts from trial as a consequence of Defendants' flagrant and willful violations of Rule 26(a) and this Court's scheduling Orders.

Respectfully submitted,

| | |
|---|---|
| */s/ John P. Fischer* | **SALTZ MONGELUZZI BENDESKY P.C.** |
| John P. Fischer, Esq., V.I. Bar No. 1232 | */s/ Samuel B. Dordick* |
| 15B Norre Gade / P.O. Box 1197 | Jeffrey P. Goodman, Esq.* |
| Charlotte Amalie, VI 00804 | Samuel B. Dordick, Esq.* |
| Phone: (340) 715-5297 | Saltz Mongeluzzi & Bendesky P.C. |
| Fax: (888) 519-7138 / (305) 520-0323 | 1650 Market Street, 52nd Floor |
| John@frtriallawyers.com; | Philadelphia, PA 19103 |
| usviservice@frtriallawyers.com | Telephone: (215) 575-2970 |
| | Fax: (215) 496-0999 |
| | jgoodman@smbb.com |
| | sdordick@smbb.com |
| Dated: November 10, 2023 | **admitted pro ha* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2023, I caused a true and correct copy of the foregoing document to be served on the following person of counsel via CM/ECF:

| | |
|---|---|
| Jennifer Miller Brooks, Esq.<br>Chivonne Thomas, Esq.<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 Southeast Second Avenue, Suite 1200<br>Miami, Florida 33131-2332<br>jmiller@hamiltonmillerlaw.com<br>cthomas@hamiltonmillerlaw.com<br>   *Counsel for Defendants* | **VIA E-MAIL** |
| Carol G. Hurst<br>PO Box 10829<br>5143 Palm Passage, Suite 18 B-1<br>St. Thomas VI 00802<br>Tel. 340-514-5541; Fax 888-672-6130<br>cghurst@hurstvilaw.com<br>   *Counsel for Signal* | **VIA E-MAIL** |

*/s/ John P. Fischer*